FLETCHER and others *v.* NEW ORLEANS N. E. R. Co.[1]

NEW ORLEANS N. E. R. Co. *v.* FLETCHER and others.[1]

*(Circuit Court, E. D. Louisiana.* March, 1884.)

**1. INJUNCTION.**

A motion to dissolve an injunction restraining a forfeiture, for the enforcement of which an action at law has been instituted, must depend upon the result of the action at law; *i. e.,* upon whether it shall be finally determined in the suit at law that the forfeiture must be enforced.

**2. EQUITY JURISDICTION.**

A suit in equity cannot be maintained to have a forfeiture declared. The universal doctrine is that equity will relieve from, but never inflict, a forfeiture.

**3. SAME—WASTE.**

The commission of waste of every kind will be restrained in equity till the rights of the parties are determined.

**4. EQUITY JURISDICTION.**

The equitable jurisdiction of the circuit courts is the same in every state; it is not ousted by the fact that a local statute gives a peculiar remedy at law.

In Equity.

*Thomas J. Semmes, J. Carroll Payne, Henry J. Levvy,* and *Ernest B. Kruttschnidtt,* for complainants in first case, and respondents in the last case.

*Robert Mott* and *Walter D. Denegre,* for the respondents in the first case, and complainants in the last case.

BILLINGS, J. These cases are submitted on a motion to dissolve an injunction in the first case, and a motion for an injunction in the second case. The facts necessary to state are briefly these:

The complainants in the first cause hold a builder's contract with the respondents for the construction of some 20 miles of trestle-work upon their road. In round numbers, some million of dollars had been paid to them by the railroad company, the respondents, of which amount sixty or sixty-five thousand dollars had been retained under the contract. At this stage of the work, and when the same was nearly completed, a difference arose between the railroad and the builders upon two points or particulars: *First,* the railroad contended that some $10,000 of the trestle-work should be rebuilt by the builders, inasmuch as they claimed that it had been destroyed by fire through their negligence, and before the road was accepted by the railroad company; and, *secondly,* that the fenders, the cost of which would be $10,000, should, by the contract, be built by the builders. The railroad gave the seven days' notice required by the contract, and at the end of that time were about taking possession of the creosote works, the material, and the so-called plant, as

1Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

forfeited under the contract, when the builders sued out an injunction in one of the district courts of the state in a cause which has since been transferred to this court. The builders also instituted a suit at law in this court for $265,000, for work done and for damages for the defaults of the railroad company. This third suit was instituted by the railroad company, seeking to enforce the forfeiture, both as respects the money claimed by the builders and of the personal property, setting up the insolvency of the builders, and the apprehension that they will sell and dispose of the property against which the forfeiture is sought to be enforced, and asking an injunction, which is asked *pendente lite*, and which motion is the second submitted.

1. As to the suit in equity of the builders against the railroad company. It is conceded the creosote works and the land upon which they are located belong to the railroad company. As to that property the injunction must be dissolved as improvidently included in the petition or bill of complaint.

As to the residue of the property the motion to dissolve must depend upon the result of the action at law, *i. e.*, upon whether it shall be finally determined in the suit at law that the forfeiture must be enforced.

2. As to the application of the railroad company for an injunction *pendente lite* in the second equity suit. So far as the general scope and object of this bill is concerned, it cannot be maintained. It is a suit in equity to have a forfeiture declared. The universal doctrine is that equity will relieve from but never inflict a forfeiture.

But there is a very limited part of the bill which is good. In so far as it seeks to preserve the property sought to be forfeited during the pendency of the suit at law it is maintainable. The general rule is laid down by Mr. Cooper in his Equity Pleadings as follows, (page 151:) "But if the right of the plaintiff is clearly shown by his bill, and is verified by affidavit, the commission of waste of every kind will be restrained in equity till the rights of the parties are determined." With reference to the application of this rule to cases where suits to enforce forfeiture are pending, in *Livingston* v. *Tompkins,* 4 Johns. Ch. 431, the chancellor says: "It (the loss of the defendant) is in the nature of a forfeiture, and produces the same penal result, and, so far from aiding the plaintiff to divest the defendant of his privilege, this court could only interfere to protect the property from waste, destruction, or removal out of the jurisdiction of the court pending the action at law to recover possession." And he quotes Lord Chancellor Baron COMYNS in *Jones* v. *Meredith,* 2 Com. 671, as holding that "equity will not assist in the recovery of a penalty or forfeiture where the plaintiff may proceed to recover it. It will only stay a party from making waste until it is seen whether he has any right to do so."

The plaintiff makes a case for this temporary interference in order to preserve the property. Indeed, the defendants, by their own bill, have already submitted themselves to the authority of the court with reference to the disposition of this property, and the court ought,

as a condition of the injunction order which they themselves have obtained, to require that they should not sell or remove the property before the question of forfeiture is determined. It is true that on the law side of the court there might be a sequestration of the property under the statute of Louisiana. But that does not defeat or impair the right of the complainant to an injunction in a case clearly authorizing that writ according to the principles of equity. "The equitable jurisdiction of the circuit courts is the same in every state; it is not ousted by the fact that a local statute gives a peculiar remedy at law." See Brightly, Dig. "Equity," II, vol. 1, p. 283, No. 77, and numerous cases cited.

The complainant cannot enforce the forfeiture in this suit, nor by any suit in equity. To do that he must seek it either in the suit at law which the defendant has instituted or a separate suit at law. He is entitled to an injunction to prevent defendant from selling, disposing of, or incumbering property, or removing it from the jurisdiction of this court, until the right to maintain the forfeiture is determined in a suit at law. To that extent alone the injunction is allowed, the complainant giving a bond with security in the sum of $10,000. If it should be made to appear by either party that a sale of any of the property is requisite, the court will direct it, and will order the proceeds to be put into the registry of the court, or will allow the defendants to sell upon giving adequate security. The decree is made in this form because the defendants seemed to stand, in the argument, upon their suit at law, but if they shall so elect they will have leave to have the question as to the forfeiture determined in the suit in equity, in which case they must reform their bill so as to state fully the grounds upon which the equitable relief is sought.