OF

## THE STATE OF IOWA

AT

## DES MOINES, OCTOBER TERM, A. D. 1900.

AND IN THE FIFTY-FOURTH YEAR OF THE STATE.

---

STATE OF IOWA v. IRWIN CHAUVET, Appellant.

**Keeping House of Ill Fame:** The keeping of a covered wagon, drawn from place to place and used as a place of abode for human beings for the purpose of prostitution, is within the statute prohibiting the keeping of a house of ill-fame.

**Corroboration of Accomplice:** Evidence of an accomplice of a defendant charged with keeping a house of ill fame, which consisted in the use of a covered wagon, in which prostitution was carried on, is sufficiently corroborated by defendant's apparent control of the wagon and team, supported by his admissions.

*Appeal from Sac District Court.*—HON. S. M. ELWOOD, Judge.

(687)

Tuesday, October 2, 1900.

Defendant was convicted of keeping a house of ill fame, and appeals.—*Affirmed.*

*C. R. Metcalf* for appellant.

*Milton Remley,* Attorney General, and *Charles A. Van Vleck,* Assistant Attorney General, for the State.

Sherwin, J.—The defendant was convicted of keeping a house of ill fame, which consisted in the use of a covered wagon, with which he traveled from place to place, and in which prostitution was carried on. The principal witness for the state was a young woman who testified that she was engaged to go with the defendant in a wagon furnished by him, for the purpose of sexual commerce for hire throughout the country, and that she did very frequently indulge therein in the wagon in question, with the knowledge and at the solicitation of the defendant, and that the wages of her sin were given over to the defendant. The defendant insists that this witness was an accomplice, within the meaning of the law, and that her evidence as to his keeping the wagon is not sufficiently corroborated. It may well be doubted whether this position is tenable, but, if it is, the evidence in corroboration is ample. His admission, and his apparent control of the wagon and team, authorized the jury to find as it did, for they tended to connect him with the commission of the offense, and this is all the statute requires. *State v. French,* 96 Iowa, 255.

The defendant contends that the keeping of a covered wagon for the purpose of prostitution and lewdness cannot

be brought within the statute prohibiting the keeping of a house of ill fame; that a structure, to constitute a house, must be fixed in some particular locality, and be substantial and abiding. The statute does not say that these conditions shall exist, or define what shall be considered a house, within its meaning. That houses may be built of stone, brick, wood, iron, glass, or any other material, or combination thereof, which may suit the fancy of the builder, cannot, we opine, be successfully controverted. If this be true, then it may be built of such materials as are commonly used in the construction of wagons and the covers thereto. Nor are we aware of any fixed and definite size or shape necessary to create a house in legal contemplation. The Century Dictionary defines a house as "an abiding place; an abode; a place or means of lodgment." The evidence shows this wagon to have been fixed up with a black cover,—likely to correspond with the shades of night. It had a curtain in front, which was dropped when occasion required the concealment of the harlot and her lascivious visitor. In it alone the defendant and his companion in sin abode and found lodgment and shelter for several weeks prior to his arrest. If a stone house were being moved from one point to another in the same city or town, or from one town to another, as has been done, and during the time of such moving it was used for purposes of prostitution, could it be held that the mere fact of its being on wheels destroyed its character? We think not. If used as a place of abode for human beings, it would still be a house. The boat which floats for months each year upon some beautiful sheet of water, and carries the entire family and numerous friends of its opulent owner, is denominated a "house boat." And why? Because it is the temporary abiding place of its occupants, and answers the purpose, for the time being, of the most expensive and stationary palace. In *State v. Mullen,* 35 Iowa, 207, it was held that a boat on the Mississippi river

was a house of ill fame, within the meaning of the statute. It does no violence to the statute nor to sound reason to hold that a wagon, under the conditions shown in this record, is also within the contemplation thereof. The judgment is AFFIRMED.

GRANGER, C. J., not sitting.