## I. STONE V. THE STATE.

### No. 3210.    Decided February 8, 1905.

**1.—Keeping Disorderly House—Accomplice.**

Where on a trial for keeping a disorderly house, the evidence showed that appellant was the owner in contemplation of law and the manager and controller of the house; a State's witness who had rented a room therein and used it for the purpose of prostitution, could not be an accomplice, since a prosecution would not lie under the indictment upon which the defendant was being tried.

**2.—Same—Verdict—Special Plea—Formal Amendment.**

Where the record showed that after the jury returned with a verdict of guilty, which was read, the court, upon the suggestion of State's counsel, that the jury must find a verdict on defendant's plea of former acquittal, further instructed the jury upon this point, whereupon the jury again retired and afterwards returned a verdict that the special plea was not true and that defendant was guilty, etc.; there was no error, as the verdict had not been received in the sense insisted upon by defendant, and the action of the court was simply to make it formal.

Appeal from the County Court of Johnson.  Tried below before Hon. J. D. Goldsmith.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200.

The opinion states the case.

*Sellers & Featherstone* and *O. T. Plummer,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of keeping a disorderly house, and fined $200; and appeals.

The charge of the court is practically the same as that in cause No. 3200, I. Stone v. State, affirmed by this court on February 1, 1905.

Appellant complains that the court erred in not charging the law applicable to an accomplice; that defendant could not be convicted upon the unsupported testimony of Mrs. Anna Pippin, showing that she rented a room in said house from appellant and used it for the purpose of prostitution, and that she kept said room for said purpose. The testimony shows that the witness was an inmate of the house, and that appellant was the owner, in contemplation of law, and the manager and controller of the same. Hence the witness could not be an accomplice, since a prosecution would not lie against her under the indictment here presented. The charge is correct, and the court properly overruled appellant's special charges in this regard.

The special instruction given at the request of the county attorney is presented by the fourth bill, which shows the following: "After the jury had received the charge by the court and retired to consider their verdict, and after coming into court with the following verdict,

'We the jury find defendant guilty and assess his punishment at a fine of $200. H. D. Killman, foreman;' and after the clerk received the verdict from the foreman and read the verdict to the court in the presence of the jury, the court asked the jury if the verdict read by the clerk was their verdict, and the jury replied that it was their verdict. Whereupon the county attorney requested the court to require the jury to find a verdict on defendant's special plea of former acquittal filed in this case, and that the court then gave the jury an additional charge which is hereto attached and made a part hereof, and that defendant was then absent from the courthouse, as shown by his affidavit attached; but defendant's attorney was present and excepted to the action or ruling of the court in giving said additional charge to the jury, and that the jury after receiving said additional charge again returned to consider of their verdict and afterwards came into court and rendered the verdict copied in the judgment, which was received by the court, and that defendant again excepted to the action of the court receiving said verdict upon said additional charge." The verdict as copied in said judgment reads as follows: "We, the jury, find that the defendant's plea of former acquittal is untrue. We further find defendant guilty as charged in the indictment, and assess his punishment at a fine of $200." The charge given by the trial court upon which the verdict was amended, as indicated, is as follows: "You are instructed that, if you believe from the evidence that the defendant's plea of former acquittal is true, you need not look further into the case, but return a verdict, as follows: 'We, the jury, find that the defendant's plea of former acquittal is true, and find the defendant not guilty.' But if you should believe from the evidence beyond a reasonable doubt that the defendant's plea of former acquittal is not true, then you will determine whether or not the defendant is guilty as charged, and if you find the defendant guilty from the evidence beyond a reasonable doubt, the form of your verdict will be, as follows:" stating the same as returned by the jury.

We do not see any error in the ruling of the court. There seems merely to have been an effort on the part of the court to make the verdict formal, and to require the jury to pass upon the defendant's defense, which was a former acquittal. The first verdict does not appear to have been received in the sense that appellant insists upon; but the court gave additional instructions, and after the jury received the same, they retired and returned a verdict finding against said plea of former acquittal, and found him guilty fixing his punishment at a fine of $200.

Appellant further insists that the verdict is contrary to and not supported by the evidence. We think the evidence is amply sufficient, and the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.

[Rehearing overruled without written opinion.—Reporter.]