STATE OF IOWA, Appellee, v. FRANK RENDER, Apellant.

**Criminal law:**   DISORDERLY HOUSES. A licensed hack driver who intentionally and habitually used his hack for lewd purposes, solicited the patronage of lewd persons of opposite sex and strangers to each other, and drove them to secluded places was guilty of keeping a house of ill fame.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

SATURDAY, DECEMBER 13, 1913.

THE defendant was indicted and tried for the crime of keeping a house of ill fame. From a verdict and judgment of conviction, he appeals.—*Affirmed.*

*McHenry & De Ford* and *John Newburn,* for appellant.

*George Cosson,* Attorney General, *John Fletcher,* Assistant Attorney General, and *Thomas J. Guthrie,* County Attorney, for the State.

EVANS, J.—The following from appellant's brief is a concise statement of the question which is presented for our consideration: "On the 24th day of October, 1912, an indictment was returned by the Polk county grand jury of the district court against the appellant, Frank Render, charging him with the crime of keeping a house of ill fame, committed as follows: That the said Frank Render on or about the 1st day of January, 1912, in the county of Polk and state of Iowa, and on other divers times within the past two years up to the finding of the indictment, did willfully, unlawfully, and feloniously keep a house of ill fame, resorted to by divers persons for the purpose of prostitution and lewdness, to which indictment the appellant plead not guilty. That this appellant was convicted of the crime of keeping a house of ill fame, claiming that he does so by permitting lewd women and men to ride in his hack; his business being that of operating a hack for public service upon the streets of the city of Des Moines, Iowa, having a license issued by said city to him, giving him the permission to carry on the business of hack driver for the public in the city of Des Moines, Iowa."

The contention for appellant is that a "hack" is not a "house," and that the maintenance of the hack for the purpose stated cannot, as a matter of law, be deemed a violation of the statute which applies only to a *"house* of ill fame." It is contended, also, that, from the very plan of construction of the hack in question, it presented no conveniences for the purposes stated. We have heretofore held that a "flatboat" on the river was a "house" within the meaning of this statute. *State v. Mullen,* 35 Iowa, 199. Later we held that a covered wagon driven from place to place and used for lewd purposes was a "house" within the meaning of this statute. *State v. Chauvet,* 111 Iowa, 687.

If the evidence for the state is to be believed, the hack in question was used successfully and habitually for the lewd purposes described in the statute. The defendant himself solicited lewd patrons of opposite sex, strangers to each other, and took them to secluded places. The hack, with its roof and sides, furnished cover from observation. The degree of convenience afforded is not a matter of concern. The appellant's part in such use of the hack was actively intentional. The evidence in this record is loathsome, and we do not find it necessary to spread it upon the pages of our public reports. It is sufficient to say that the cases above cited are sufficient authority to support the submission of the case and the conviction of the defendant thereunder.

The judgment of the district court is therefore *Affirmed.*

WEAVER, C. J., and LADD and PRESTON, JJ., concur.