[Civ. No. 13159.   Second Dist., Div. Two.   Dec. 8, 1941.]

TILLIE PINKSTON et al., Appellants, v. FRED LIEB, Respondent.

Hahn, Graf & Ross for Appellants.

Bernard Brennan for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover damages for slander, plaintiffs appeal.

Viewing the evidence in the light most favorable to defendant (respondent), the essential facts are:

June 19, 1940, plaintiffs, who are sisters, filed an action for slander against defendant alleging that on or about June 22, 1939, defendant stated to a number of police officers and other persons at the Lincoln Heights Police Station, Los Angeles, that, referring to plaintiffs, "They are running a sporting house." In a second cause of action it was alleged that on or about June 24, 1939, defendant in the hearing of one Mr. Fred Carter said, referring to plaintiffs, "They are running a whore house."

In addition the complaint contained appropriate allegations to complete two causes of action for slander. January 6, 1941, the second day of the trial, defendant filed an answer generally denying the material allegations of the complaint. On the same day the trial judge permitted plaintiffs to change the allegation in their first cause of action that the alleged slanderous remarks were made in the hearing of police officers and other persons at the Lincoln Heights Police Station to show that the remarks were made in the hearing of Carl W. Bittner and another police officer at or about No. 3018 Division Street, Los Angeles. To this amendment the trial judge permitted defendant to file an answer consisting of a general denial and pleading the bar of the statute of limitations in that the amendment stated a new and separate cause of action from that stated in the original and first amended complaint because more than one year had elapsed from the time of the alleged slanderous remark until the filing of the new cause of action.

January 8, 1941, the fourth day of the trial, the trial judge permitted defendant to file an amendment to his answer, by which he added a separate and affirmative defense to the second cause of action by pleading the truth of the charge therein contained.

Plaintiffs rely for reversal of the judgment on the propositions that it was error for the trial judge to:

*First: hold that plaintiffs' amendment to the first cause of action stated a new cause of action and was therefore barred by the statute of limitations;*

*Second: permit defendant to amend his answer to allege as an affirmative defense to the second cause of action the truth of the alleged slanderous remarks;*

■ *Third: admit evidence as to the general reputation of the building in which plaintiffs lived as proof of the truth of the charges made against them and as proof of the use being made of the building.*

■ Plaintiffs' first proposition is untenable. It needs no citation of authority to support the proposition that an allegation that defendant made slanderous remarks in the presence of certain specified persons at the Lincoln Heights Police Station on June 22, 1939, is an entirely separate and distinct cause of action from an allegation that he made similar statements in the presence of Carl W. Bittner and another police officer at or about No. 3018 Division Street, Los Angeles, on June 22, 1939. Proof of each of the allegations would have supported judgments on two separate and distinct causes of action. Recovery on one would not have constituted a bar to a recovery upon the other cause of action.

One method of raising the bar of the statute of limitations is by answer (*Atkinson* v. *Amador & S. Canal Co.,* 53 Cal. 102, 105). In the instant case this method was properly followed by defendant. Hence, since the alleged slanderous remarks were made on June 22, 1939, and the first cause of action was not alleged until January 6, 1941, more than a year had elapsed from the time the alleged slanderous words were spoken until recovery was sought upon such cause of action and it was barred by the statute of limitations (sec. 340, subd. 3, Code Civ. Proc.).

■ Plaintiffs' second proposition is likewise without merit. Section 473 of the Code of Civil Procedure permits the trial judge in the furtherance of justice to permit necessary amendments to the pleadings, and, should it appear necessary in the furtherance of justice when an amendment is allowed to grant a continuance, the trial court should do so. In the instant case at the time defendant was permitted to amend his answer as to the second cause of action, the following conversation took place between the court and plaintiffs' counsel:

"MR. HAHN: Under the conditions, your Honor, your ruling puts us in a position where we have to prosecute a case in a little different manner than where we started out, and I would ask the Court to give me until tomorrow morning, to continue this case until tomorrow morning, so we can readjust our plan of prosecution.

"THE COURT: Very well. If you need additional witnesses—

"MR. HAHN: We don't need that, but we would like to talk matters over with these witnesses."

Upon the following day when court reconvened, plaintiffs' counsel did not request additional time. It thus appears that plaintiffs were ready to proceed with the trial of the action.

■■■ Plaintiffs' final proposition is also untenable. The law is established in California that the fact that a house is one where prostitution is carried on may be proved by evidence of the general reputation of the house relative to this subject (*In re Selowsky,* 38 Cal. App. 569, 579 [177 Pac. 301]). In the instant case one of the issues before the court was whether or not the building in which plaintiffs lived was being used for purposes of prostitution. Therefore, the trial court properly admitted evidence as to the general reputation of such house upon this subject.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.