## JOHN STRONG V. STATE.

No. 24987. November 22, 1950.

*W. J. Baldwin,* Beaumont, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for sodomy, the punishment asseessed by the jury being ten years in the penitentiary.

The evidence shows that appellant, a seaman, committed the offense defined under our code as sodomy by using his mouth on the sexual parts of a 14 year old boy for the purpose of carnal copulation.

The boy named in the indictment testified to such acts, and the trial court instructed the jury that the witness was an accomplice.

According to this accomplice witness, he met appellant on the street, and went with him to a hotel room where he was paid $10.00 by appellant and the appellant committed such act of sodomy.

Later in the day, the boy returned to said room, accompanied by two other boys 14 and 15 years of age. There in the presence of these two witnesses, according to the three boys, appellant again committed the same act on the same boy. He also attempted to treat the other boys in the same manner, but they refused his advances.

Appellant complains of the refusal of the trial judge to instruct the jury that the two boys who were present at the last act were also accomplices, and also complains that the court refused to submit to the jury the question of whether they were accomplices.

And upon his contention that all of the boys were in fact accomplices and cannot corroborate each other, appellant insists that the evidence is insufficient to sustain the conviction and that his motion for instructed verdict of not guilty should have been granted.

Each of the boys testified that they went to the room to see if their companion was telling the truth about appellant's conduct, while the accomplice witness testified that he took the boys with him because he wanted to prove it to them.

Neither of the two consented to or participated in any way in the criminal act between appellant and the boy who was an accomplice under the court's charge. They were present, but under this record were not shown to be connected with the transaction so as to make them offenders or render them punishable under the statute denouncing the offense. They were therefore not accomplice witnesses. See Stone v. State, 47 Tex. Cr. R.

575, 85 S.W. 808; Deatherage v. State, 91 Tex. Cr. R. 181, 237 S. W. 1111.

Appellant denied the acts charged against him in toto. His testimony as to the two boys did not raise the issue that they participated in the criminal act. He says there was no crime committed.

Having disposed of these contentions, the further claim, regarding the sufficiency of the evidence, is without basis.

The evidence is sufficient to sustain the verdict, and no reversible error is shown.

The judgment is affirmed.

Opinion approved by the court.