## STATE v. DAVIE.

No. 7694.   Decided January 25, 1952.   (240 P. 2d 263.)

See 27 C. J. S., Disorderly Houses, sec. 9. Shop book rule. 20 Am. Jur., Evidence, sec. 1053.

*Richard L. Stine*, Ogden, for appellant.

*Clinton D. Vernon*, Atty. Gen., *J. Richard Bell*, Deputy Atty. Gen., for respondent.

McDONOUGH, Justice.

Defendant was convicted by a jury of keeping a house of ill fame.

He challenges the conviction as unlawful, alleging that the court erred: (1) In refusing to instruct the jury that certain witnesses for the State, who testified that they went to the house and paid fees to girls for engaging in acts of prostitution, were accomplices and refusing to give appropriate instructions concerning the necessity for corroboration of the testimony of accomplices as required by Utah statute, (2) in admitting evidence as to the reputation of the premises involved, and (3) in failing to rule that there was insufficient evidence to connect the defendant with keeping the premises as a house of ill fame.

Sec. 103-51-21, U. C. A. 1943, under which defendant was charged, insofar as material here, provides:

"It shall be unlawful for any person:

"(1) To keep a house of ill fame resorted to for the purpose of prostitution or lewdness, or to willfully reside in such house, or to resort thereto for lewdness;   *   *   *."

Defendant claims that persons who resort to such a house, as did the State's witnesses, are guilty as principals and are accomplices of the defendant.

We do not have the statutory definition of accomplices. We have construed the term to mean one who could be charged as a principal with the defendant on trial. *State* v. *Fertig*, 120 Utah 225, 233 P. 2d 347; *State* v. *Bowman*, 92 Utah 540, 79 P. 2d 458, 111 A. L. R. 1393. This definition is generally recognized to be correct, see 22 C. J. S., Criminal Law, § 786, p. 1335; 14 Am. Jur., Criminal Law, § 110.

The reasoning in the case of *People* v. *Grayson*, 83 Cal. App. 2d 5516, 189 P. 2d 285, 287, applies here. The defendant was convicted of taking a bet on a horse race. On appeal he complained that the prosecution witness, who placed the bet, was an accomplice. Sec. 1111 of the California Penal Code requires that the testimony of an accomplice be corroborated similar to our Section 105-32-18 and also defines an accomplice as:

"*   *   *   one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given,"

and Section 337a relating to such wagering has several subdivisions. Subdivision 3 makes it illegal to receive such bets; subdivision 6 makes it illegal for a person to place a bet. The court stated:

"*   *   *   So, here, since the act of placing a bet, without which of course, the bet could not be received by another, was punishable

as a separate offense under subdivision 6, and not specifically under subdivision 3, * * * and Pease was not an accomplice of appellant who received the bet. The testimony of Pease was sufficient, without corroboration, to prove the offense charged in count one."

The *Grayson* case, supra, is analogous to the instant one except that the different offenses are not divided into separate subdivisions of the statute; however, as will be noticed, they are set out in separate clauses of the statute hereinabove quoted. The fact that such clauses are not separated and numbered as independent subdivisions of the statute can make no material difference. Each of the clauses defines a particular type of unlawful conduct. The correct charge against the above witnesses would be that of "resorting to a house of ill fame." They were not accomplices to the crime of "keeping a house of ill fame."

It seems rather obvious, as the court pointed out in *State* v. *Anderson*, 240 Iowa 1090, 38 N. W. 2d 662, that the gist of the offense of keeping a house of ill fame is the management, control and operation of it. In that case, the defendant, who was convicted of keeping such a house, complained that four women who stayed in the house were accomplices and therefore must be corroborated. The evidence was that two of the witnesses did some night clerking, serving drinks and hustling while the other two did not, but served as prostitutes. The trial court ruled that the former were accomplices but that the latter were not, saying:

"* * * Two of these witnesses were inmates of the place but did not assist in its management, therefore they were not to be deemed accomplices."

For additional authorities see also *People* v. *Richardson*, 222 N. Y. 103, 118 N. E. 514; *Stone* v. *State*, 47 Tex. Cr. R. 575, 85 S. W. 808; *People* v. *Webb*, Mag. Ct., 25 N. Y. S. 2d 554; reversed on other grounds, Sp. Sess., 26 N. Y. S.

2d 386; *State* v. *Chauvet,* 111 Iowa 687, 83 N. W. 717, 51 L. R. A. 630.

It is not contended that the witnesses in the present case had anything whatsoever to do with the management or operation of the house; they merely resorted there for the purpose indicated or to procure evidence for the State. The trial court therefore correctly ruled that they were not accomplices to the crime with which the defendant was charged and convicted.

In a prosecution for maintaining a house of ill fame, the general reputation of the premises is admissible. *Pinkston* v. *Lieb,* 48 Cal. App. 2d 352, 119 P. 2d ∎ 1010; *Campbell* v. *State,* 149 Fla. 701, 6 So. 2d 828; *State v. Lewis,* 226 Iowa 98, 283 N. W. 424. This was the rule at common law. *Com.* v. *Visotsky,* 129 Pa. Super. 86, 195 A. 148.

As to the third point: There was abundant evidence to support the jury's finding that defendant "kept" the house. He leased the premises; procured a painting contractor to paint there; made improvements on the inside; and he was present at the time of the raid by the sheriff. ∎ In addition to this, the sheriff testified that defendant told him that he was a co-operator of the premises; that they had a 5-year lease, and further that he had asked the sheriff in May 1950 if there wouldn't be a chance of bringing some girls to operate in the county, which the sheriff refused.

The judgment is affirmed.

WOLFE, C. J., and WADE, CROCKETT and HENRIOD, JJ., concur.