# ADLER v. CLARK, et ux.

No. 7846.   Decided December 9, 1952.   (251 P. 2d 669.)

See 32 C. J. S., Evidence, sec. 773. Admissibility in evidence of bills and receipts. 20 Am. Jur., Evidence, sec. 1043; 10 A. L. R. 2d 1035.

*Ellis J. Pickett,* Dist. Atty., St. George, *George S. Ballif,* Dist. Atty., Provo, for appellants.

*Leroy H. Cox,* St. George, for respondent.

CROCKETT, Justice.

Plaintiff sued on account for magazines and books furnished to defendants. They appeal from an adverse judgment entered by the court, assigning as error that findings were not made on certain issues and that the findings the court did make were not supported by the evidence.

Due to the fact that plaintiff both operated in Utah and brought this suit as an individual, it was not necessary for him to prove nor for the court to find that he was "authorized" to do business in this state as a prerequisite to maintaining this action, despite defendants' contention to the contrary.

At the trial, plaintiff's attorney relied on a deposition which had not been duly executed and was therefore properly excluded from evidence. Defendant Dean Clark then was called as a witness to establish plaintiff's case. He produced his monthly invoices showing the merchandise furnished, the charges for it, the previous balance, cash payments on the account and credits allowed for merchandise returned. They were also marked by Mr. Clark, indicating those items furnished which he claims he refused to accept. He admitted the invoice billings for items shipped were corrected except as otherwise marked by him.

An audit of the account as compared to the findings reveals that the court credited defendants with all magazines and books marked as not having been accepted but otherwise followed the invoices. These invoices were records made in the regular course of business; they were received in evidence without objection and were competent to prove the account.[1] They provided ample evidence to support the findings, which in turn are sufficient to sustain the judgment.

[1] *State* v. *Davie*, 121 Utah 184, 240 P. 2d 265. See *Arkansas Fuel Oil Co.* v. *Andrews Point Co.*, 64 Ga. App. 595, 13 S. E. 2d 738.

Affirmed; costs to respondent.

WOLFE, C. J., and WADE and McDONOUGH, JJ., concur.

HENRIOD, J., not participating.

