**Ida F. PAULINO, Appellant,**

v.

**The GOVERNMENT OF GUAM, Respondent.**

**Crim. No. 8-A.**

District Court of Guam. Appellate Division.

Oct. 30, 1956.

V. C. Reyes, Agana, Guam, for appellant.

Howard D. Porter, Atty. Gen., Leon D. Flores, Island Atty., Agana, Guam, W. Scott Barrett, Deputy Island Atty., Oakland, Cal., for the Government of Guam.

Before SHRIVER, Presiding Judge, and WIIG and McLAUGHLIN, District Judges.

SHRIVER, Presiding Judge.

The appellant was convicted in the Island Court of Guam of violating Sec. 315 of the Penal Code of Guam. The appellant contends that such conviction is con-

trary to the law and the evidence. Sec. 315 provides:

"Every person who keeps a house of ill fame in Guam, resorted to for the purpose of prostitution or lewdness, or who willfully resides in such house, is guilty of a misdemeanor; and in all prosecutions for keeping or resorting to such a house, common repute may be received as competent evidence of the character of the house, the purpose for which it is kept or used, and the character of the women inhabiting or resorting to it."

The evidence which the trial court was entitled to believe was to the effect that the appellant was the owner-proprietress of a bar and restaurant in Guam; that the bar and restaurant were located on the ground floor of a two-story building and the appellant's living quarters were located on the second floor; that the second floor was reached by a stairway on the outside of the building. As a result of information which reached the Guam Police, alleging that the appellant was prostituting herself, the police watched the building and on several occasions saw the appellant take men to her quarters, that the light in her bedroom was turned out and after a period of time was turned on again, that the men then departed.

The Government of Guam employed a police informer who testified that he went to the restaurant and bar on December 10, 1955 to drink beer, that he engaged the bartender in conversation and that the bartender informed him that the appellant and two waitresses were available for prostitution; that the bartender directed the appellant to sit with him and that the appellant offered herself for sale; that the witness told her he had no money at that time and left; that he returned on December 13th, paid the appellant, and had sexual relations with her. The witness apparently helped paint the building and made himself useful around the premises.

On December 21st he went to the place early in the morning and arranged with the appellant to meet her that evening when he had raised some money. He reported to the police and was given $25 and told to keep the engagement. That evening he met the appellant and after paying the appellant the $25 prepared ostensibly to have relations with her in the bedroom. While they were in a compromising position he called for police help. The police entered, found the witness and the appellant in the compromising position, and found the $25 which the appellant had placed under her removed slacks on an adjacent bed. The appellant in a written statement to the police admitted the events but contended that the witness was her "boyfriend" and the money was given to her as a Christmas present.

It is unnecessary further to detail the government's evidence. The appellant introduced a number of witnesses who testified that the appellant was so friendly that men felt free to visit her living quarters at all hours, but not for immoral purposes.

Sec. 315 of the Penal Code of Guam was adopted from the California Penal Code and may be construed in the light of California appellate decisions in existence at the time the Guam Codes were adopted in 1933. United States v. Johnson, 9 Cir., 181 F.2d 577. Subsequent California decisions may be persuasive but not necessarily controlling. Anderson v. United States, 9 Cir., 157 F. 2d 429.

Evidence of the general reputation of the appellant's establishment was properly admitted. Pinkston v. Lieb, 1941, 48 Cal.App.2d 352, 119 P.2d 1010; Demartini v. Anderson, 1899, 127 Cal. 33, 59 P. 207; In re Selowsky, 1918, 38 Cal. App. 569, 177 P. 301.

It is an act of lewdness to solicit a prospect to have sexual relations for money. In re Selowsky, supra, 38 Cal. App. at page 581, 177 P. at page 306.

One person may keep a house of prostitution, People v. Slater, 1898, 119 Cal. 620, 51 P. 957.

The conviction of the appellant is affirmed.