STATE OF IOWA v. GUSTAV HAMANN, Appellant.

**Seduction:** DECEPTION: *Instruction.* A charge that accused was guilty of seduction, if complainant submitted to sexual intercourse by reason of some promise or inducement made by him, without charging that such promise or inducement must have been false, and that complainant must have been deceived thereby, was erroneous.

**Exceptions:** MOTION FOR NEW TRIAL: *Review.* An erroneous statement of law contained in an instruction in a criminal case is reviewable on appeal, where specifically brought to the court's attention on a motion for new trial, though such instruction was not excepted to.

*Appeal from Lyon District Court.*—HON. WILLIAM HUTCHINSON, Judge.

TUESDAY, DECEMBER 12, 1899.

THE defendant was convicted of the crime of seduction, and judgment of imprisonment rendered against him, from which he appeals.—*Reversed.*

*Parsons & Riniker* and *E. J. Skewis* for appellant.

*Milton Remley,* Attorney General, *Simon Fisher,* County Attorney, *W. D. Boies,* and *O. D. Reiniger* for the state.

GIVEN, J.—I.   One ground of defendant's motion for a new trial was that, for the reasons stated in the motion, the court erred in giving the part of the second instruction set out; and the overruling of the motion on this ground is assigned as error. It is claimed on behalf of the state that, as no exception was taken to the instruction, the error assigned cannot be considered; and *State v. Hathaway,* 100 Iowa, 225, is cited. In that case the complaint was of an omission to instruct, and no instruction was asked on the subject omitted. In the motion for a new trial it was said, "The court erred in giving the fifth instruction as given by the court." This court said, "That did not suggest the error of omission, but, rather, that the instruction was erroneous in its statement of the law." In this case the complaint is that the court erroneously stated the law, and the claim which was presented in the motion for a new trial, filed within the time alloted, specifically brought it to the attention of the court. The cited case is not applicable, and appellant is entitled to a review of the case as to this alleged error.

II.   The part of the instruction complained of is as follows: "To constitute this offense, it must appear from the evidence beyond a reasonable doubt, that the complainant witness yielded her person, and submitted to have sexual intercourse, by reason of some promise or inducement held out to her by the defendant, and

that by reason of such promise or inducement she was drawn aside from the path of virtue, yielded to the defendant, and had sexual intercourse with him. If, therefore, an unmarried man, by his visits and attentions to an unmarried woman of previously chaste character, gains her affections and confidence, and importunes her to have sexual intercourse with him, and she, through her love for and confidence in him, yields to his solicitations, this is seduction." Appellant's counsel contend that, under this instruction, "any promise whatever, followed by sexual intercourse, is sufficient to constitute seduction," and that it excludes from the crime the necessary element of false promise, artifice, or deceit. "There is no legal standard by which to determine what false promises, artifices, and deceptions are sufficient to constitute the crime of seduction. Of course, mere unlawful commerce, for a consideration paid, is not seduction. There must be some artifice or false promise by which the virtuous female is induced to surrender her person to the accused." *State v. Fitzgerald,* 63 Iowa, 269. "It has often been held that, to sustain a charge of seduction, it must be made to appear that the intercourse was accomplished by some artifice or deception. Something more than a mere appeal to the lust or passion of the woman must be shown before the law will inflict the penalty prescribed for that crime, or afford her a remedy." *Hawn v. Banghart,* 76 Iowa, 683. "It is not sufficient to establish the sexual intercourse, but the plaintiff must show that defendant accomplished his purpose by some promise or artifice, or that she was induced to yield to his embraces by flattery or deception. If, without being deceived, and without any false pretense, deceit, or artifice, she voluntarily submitted to the connection, the law affords her no remedy." *Baird v. Boehner,* 72 Iowa, 322. "The crime of seduction may be defined to be the act of persuading or inducing a woman of previous chaste character to depart from the path of virtue by the use of any species of arts, persuasions, or wiles which are calculated to

have, and do have, that effect, and which result in her ultimately submitting herself to the sexual intercourse of the person accused." 21 Am. & Eng. Enc. Law, 1043. "Artifice: Subtle or deceptive art in contriving; trickery; cunning; strategy; finesse; as to lure by artifice." "Wile: To cheat cunningly; mislead or lead with guile; hoodwink; entice; lure; as, the Indian wiled him to his death." Standard Dictionary. These citations are sufficient to show that deception is an essential element of this crime. That it consists in inducing, by any kind of deception, an unmarried woman of chaste character to part with her virtue and yield to the embraces of the deceiver. If she submits without being in some way deceived into doing so, there is no seduction. Such deception may be practiced in many ways, as by false promises, persuasions, representations, flattery, and the like; but, to constitute the crime, the woman must be deceived by the accused into consenting to the intercourse. The element of deception is lacking in the instruction quoted above. Under it, if the prosecutrix yielded by reason of some promise or inducement held out by the defendant, whether true or false, or by reason of her love and confidence in him, he is guilty of seduction, though he practiced no deception whatever. According to this instruction, if he promised and paid her money or other consideration, and she was induced thereby to yield, or if by courtship he had gained her love and confidence, and by reason thereof she yielded to his solicitations, though in nowise deceived, he was guilty of seduction. Surely such is not the law. True, proofs of promises and inducements are competent for the purpose of determining whether there was deception; but if they were not false, they could not deceive, and without the deception there could be no seduction. It is argued that there may have been evidence to warrant this instruction, but there could be no evidence to warrant an instruction that the crime of seduction could be committed without the female being deceived into consenting to the intercourse. Other parts of the charge

state the law correctly, but we cannot say that the jury did not follow the part quoted above, to the prejudice of the defendant. For the error pointed out, the judgment of the district court is reversed and remanded for retrial.— REVERSED.

GRANGER, J., not sitting.