STATE OF IOWA, Appellee, v. ZONA CLOUGH, Appellant.

PROSTITUTION, HOUSE OF:   Elements of Offense—Character of
1  Intercourse.   It does not follow that defendant may not be
   properly convicted of keeping a house of ill fame when the only
   evidence of illicit intercourse relates solely to the defendant
   herself and in her own home, when the evidence tends to show
   other material elements of the offense, to wit:   (1) That defend-
   ant was a prostitute; (2) that she plied her trade in said house
   with men indiscriminately and for hire; (3) that she urged
   other women to do likewise; (4) that the house was resorted to
   for the purpose charged; and (5) that the house was generally
   reputed to be a house of ill fame.

PROSTITUTION, HOUSE OF.   Elements of Offense—"Keeping"
2  and "Resorting to" Contrasted.   The crimes of keeping houses
   of ill fame and of resorting to such houses, etc., are made up
   of elements common to both, and such elements are necessarily
   provable by evidence common to both.

*Appeal from Union District Court.*—H. K. EVANS, Judge.

NOVEMBER 17, 1917.

THE defendant was convicted upon charge of keeping
a house of ill fame, and appeals.—*Affirmed.*

*James G. Bull* and *E. A. Lee,* for appellant.

*H. M. Havner,* Attorney General, *H. H. Carter,* Assist-
ant Attorney General, and *George A. Johnson,* for appellee.

WEAVER, J.—I.   Appellant first asks a new trial on the
alleged ground that the verdict of guilty is without sup-
port in the evidence.   In argument, counsel seek to sus-
tain this proposition on the theory that the principal wit-
ness for the State is unworthy of credit; that her story is
inconsistent and incoherent; and that she shows herself
insincere and revengeful.   The objection is without merit.
It is an elementary principle in the trial of jury cases that

the credibility of witnesses and the weight to be given their testimony are matters for the jury alone.

II.   So far as error is alleged upon rulings of the court in the course of the trial below, it is quite impracticable to follow counsel's propositions in logical or consecutive order.   Their briefs are constructed in entire disregard of our rules, which require a clear statement under separate and distinct headings, or in separate paragraphs, of the several propositions of law and of fact on which reliance is placed.   This has not been done, and we shall attempt no more than to mention a few, which, from their repetition in various forms, we infer are thought to be of controlling importance.

1. PROSTITUTION, HOUSE OF: elements of offense: character of intercourse.

It is argued that the only evidence of prostitution or illicit intercourse in the house of defendant relates solely to the defendant herself, and that, even if it be proved that she did indulge in prostitution in her own home, it would not constitute the offense described by the statute.   Code, Section 4939.   It is doubtless true that the mere act of illicit intercourse by the woman with a paramour in her own house would not alone make her place of abode a house of ill fame, but when the State goes further, and presents evidence tending to show that she there plies her trade as a common harlot, entertaining men indiscriminately for hire and urging other women to unite with her there in the same business, and that the house was in fact resorted to for the purposes of prostitution, and then adds to this evidence of the general ill fame or reputation of the place kept by her, a case is made which abundantly sustains a verdict of guilty, even though the accused be the proprietor of the house and her own acts of prostitution are the only ones of which there is direct evidence.

There are no common-law crimes in Iowa. The offense with which the appellant is charged is purely statutory, and, if the statute clearly defines the thing or act which is forbidden, a resort to common-law definitions to add to or detract from the effect of the language of the statute is neither necessary nor permissible. The statute describes the offense as "keeping a house of ill fame, resorted to for the purpose of prostitution or lewdness." Now "prostitution" has no purely legal or technical meaning which differs from the general acceptance of the word in common usage as being the act or practice or habit of "prostituting or offering the body to indiscriminate intercourse with men." Webster's International Dictionary. The term "house of ill fame" has to some extent a restricted meaning in law, where it is regarded as the synonym or equivalent of bawdyhouse, or house kept and resorted to for the purpose of prostitution. *State v. Lee*, 80 Iowa 75. Now if the keeper of the house is herself a prostitute and there plies her trade, and such house is resorted to by men for the purpose of there indulging in illicit intercourse with her or with other women of like character, the offense is complete under the statute, and if there be, as counsel claim, any common-law rule by which proof of the prostitution of the proprietor or owner of the house and of resort thereto by men for the purpose of prostitution with her, is held to be insufficient to sustain a conviction, we are not disposed to recognize its authority. To hold otherwise would be to engraft upon the statute an exception wholly at variance with its positive terms.

2. PROSTITUTION, HOUSE OF: elements of offense: "keeping" and "resorting to" contrasted.

III. Appellant also complains that the trial court admitted testimony tending to show no more than that she was guilty of violating the statute (Code Section 4943) which provides punishment for *occupying*

or *resorting* to a house of ill fame for the purposes of prostitution, when the crime charged is the *keeping* of such place, in violation of Code Section 4939. It is hardly necessary to say that the two offenses, while distinct, are each made up, in part, of elements which are common to both, and neither can well be proved without testimony which may also be competent and material to a prosecution for the other. An examination of the record fairly demonstrates that none of the evidence to which this objection is offered was inadmissible, and the assignment of error upon its admission cannot be sustained.

IV. To the giving of certain instructions, and to the refusal of requests for others, appellant also excepts. None of the questions so raised require discussion, except to say that, in so far as the requests state propositions of law which are correct and applicable to the case, they are all fairly covered by the charge of the court, while others are controlled and governed by the rules of law to which we have expressed our adherence in the foregoing paragraphs of this opinion.

A thorough examination of the record discloses no reversible error, and the judgment of the district court is—
*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.