EXIE JONES v. STATE.

No. A-2681.  Opinion Filed January 26, 1918.

(169 Pac. 1133.)

EVIDENCE—Accomplice Testimony—Sufficiency.  The uncorroborated statement of an accomplice which tends to connect another with the commission of a crime is insufficient to support a judgment of conviction.

*Appeal from District Court, Garvin County;*
*F. B. Swank, Judge.*

Exie Jones was convicted of forgery in the first degree, and he appeals.  Reversed and remanded, with direction to grant a new trial.

*Cruce, Potter & Cruce,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.  The plaintiff in error, Exie Jones, was convicted at the September, 1915, term of the district court of Garvin county, on a charge of forgery in the first degree, and his punishment fixed at imprisonment in the state penitentiary for a term of ten years.

Richard Lewis, Emma Clemmons, and Exie Jones were jointly charged by information in the district court of Garvin county with forging a warranty deed to lands belonging to Alta Grimmet.  The parties were all negroes.  Richard Lewis appears to have been dealing in freedman lands in Garvin county, and had sold a number of tracts to C. M. Dorchester at Pauls Valley.  The proof on behalf of the state indicates that Lewis coerced Emma Clemmons into impersonating the Grimmett woman when the deed was executed to C. M. Dorchester.  The jury,

however, convicted her along with Lewis and Jones as a principal in the crime. The deed was signed by mark only. The Lewis negro owed Dorchester some money and went to him with a proposition to sell the land in question. Dorchester offered to give him the debt and $50 in cash in addition. The land amounted to 30 acres and the total purchase price under this agreement amounted to $70. No witnesses were introduced on behalf of the state at the trial whose testimony connects Exie Jones with the forgery directly or indirectly in any way, except a statement made by the codefendant, Emma Clemmons. She made a statement to the county attorney prior to the trial, and also testified at the trial to the effect that Richard Lewis forced her to go with him to the post office building in Pauls Valley to execute the deed; that she passed Exie Jones as she entered the post office; that he was standing in front of the building; that he said to her that he wanted her to go into the post office and touch the pen, and that she asked him what for, and he replied that it did not make any difference just so she touched it. Dorchester thought he was getting good title to the land, and did not know that the deed he was taking was a forgery. The Clemmons woman appears to have received $5 for her part in the transaction.

There is no proof that Jones received anything out of the transaction; nor that he ever talked to any one who was interested or was in any wise connected with the transaction, except the statement of the codefendant, Emma Clemmons, above quoted. This statement is not corroborated, and there are no other facts and circumstances sufficient to connect the plaintiff in error, Exie Jones, with the forgery. The judgment of conviction imposes ten years' imprisonment on the plaintiff in error.

The uncorroborated statement of the codefendant that the plaintiff in error desired her to touch the pen, with no other facts connecting him with the transaction, is insufficient to support the judgment.

For this reason, the judgment must be reversed, and the cause remanded, with directions to grant a new trial.

Reversed.

DOYLE, P. J., and MATSON, J., concur.