## JOHN WEEMS v. STATE.

No. A-3113—Opinion Filed July 16, 1919.

(182 Pac. 264.)

1  APPEAL AND ERROR—Denial of Continuance—Abuse of Discretion. While a trial court must be fair to a defendant, and give him an opportunity to prepare for trial, this court will not hold that overruling a motion for a continuance to prepare for trial is a denial of a fair trial, unless it clearly appears that the trial court in overruling said motion abused its discretion.

2  APPEAL AND ERROR—Admission of Evidence—Brief. Where a defendant complains of the erroneous admission or rejection of evidence, he must specifically point out in his brief a synopsis of the evidence of which he complains as improperly admitted or rejected.

3.  APPEAL AND ERROR—Conviction on Accomplice's Testimony—Reversal. A conviction cannot be legally had alone upon the uncorroborated evidence of an accomplice; and, where the record shows that a conviction is so had, it will, on appeal, be set aside, whether or not the defendant requested the court to instruct the jury that a conviction could not be legally had on the uncorroborated evidence of an accomplice.

4.    **APPEAL AND ERROR—Accomplice's Testimony—Corroboration.**
Where the evidence of an accomplice shows the guilt of a defend-
ant beyond a reasonable doubt, and such evidence is corroborated
by legal evidence, this court will not disturb a verdict of convic-
tion.

5.    **APPEAL AND ERROR—Grant of Separate Trial—Presumption
of Regularity.** Where one of several codefendants is put on trial
separately, and the record is silent as to how said severance was
granted, it will be presumed that it was regularly granted on the
motion of the state, or on the motion of the defendant.

6.    **LARCENY—Larceny of Stock—Sufficiency of Evidence.** The rec-
ord in this case carefully examined and considered, and the evi-
dence held sufficient to reasonably sustain the verdict rendered,
and that the trial of the case was free from prejudicial error.

*Appeal from District Court, Caddo County;
Will Linn, Judge.*

John Weems was convicted of stealing domestic ani-
mals, and he appeals. Affirmed.

*J. W. Osmond,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty.
Gen., for the State.

ARMSTRONG, J. The plaintiff in error, John Weems,
hereinafter called defendant, was with others jointly in-
formed against for stealing domestic animals, tried sep-
arately, convicted and sentenced to imprisonment in the
penitentiary at McAlester for a term of two and one-half
years, the service of said sentence to commence upon the
expiration of the sentence now being served by him in
said penitentiary. To reverse the judgment rendered, he
prosecutes this appeal.

The defendant has not abstracted the evidence in this
case, as required by the rules of this court, but invites the
court "to examine the entire record as to the evidence
without the same being set out in the brief." The evidence
is very voluminous, covering hundreds of pages of type-

written matter; and, as to do so would serve no useful purpose, we will not undertake a recital thereof.

It is first insisted by defendant that he did not have a fair trial, because the court overruled his motion for a continuance, based upon the ground that the court had only four days previous to the trial appointed counsel to defend him, and that the counsel so appointed, by reason of being engaged for one and one-half days of the said four days in the trial of the defendant for another offense, had not had time properly to prepare the case for trial. In support of said contention defendant cites *Frank v. State,* 8 Okla. Cr. 71, 126 Pac. 582, and *Brewer v. State,* 13 Okla. Cr. 514, 165 Pac. 634, neither of which said cases we think in point. In the former case there was a distinct statutory ground for a continuance for the term, against which the state made no showing, while in the latter case the statement therein relied upon by the defendant in support of error in denying his motion for continuance is mere *dictum* based upon a hypothetical case not in accord with the instant case, and the evidence shows that the defendant had been out on bail for several months, and had ample opportunity to prepare for trial, and that he availed himself of that opportunity is shown by the fact that in the trial of his case, in addition to himself, he produced 19 witnesses who testified in his behalf, and after the trial had been entered upon the court adjourned to give him and his counsel further time to prepare his defense. The able defense interposed by the very competent attorney appointed by the court is shown by the record, and it shows that the defendant was not injuriously affected by being placed on trial at the time he was tried.

It is a well-established rule of this court, which will always be enforced, that the trial court must treat the de-

fendant with fairness and allow reasonable opportunity to
defend, and this court will not hesitate to reverse a con-
viction where said rule has been violated. *Harris v. State,*
9 Okla. Cr. 658, 132 Pac. 1121. But we are unable to see
that the court in this case did not treat the defendant with
fairness and give him reasonable opportunity to defend.

The defendant had a fair and impartial trial. Every
safeguard under the Constitution and laws of this state
was thrown around him, by the court appointing a most
competent attorney to defend him, and after the trial had
been entered upon, by suspending the trial to give defend-
ant and his counsel additional time to prepare to meet the
evidence that had been introduced by the state, and by
granting this appeal at the expense of the county.

We are of the opinion that the court did not abuse
its discretion in overruling the motion for a continuance.

The defendant further complains because he was tried
separately from his co-defendants, without severance hav-
ing been properly granted, and insists that the severance
was erroneously granted by the court on its own motion.
The record is silent as to how said severance was brought
about, and in this state of the record it was brought about,
and in this state of the record it must be presumed that
the severance was properly granted, either on the motion
of the defendant or on the motion of the state. We are
unable to see how the defendant was prejudicially affected
by being tried alone, or how he could have been beneficially
affected by being jointly tried with his codefendants.

"There is no presumption against the regularity of
the proceedings in a court of record. Such proceedings are
presumed to be regular, unless the contrary is affirm-
atively made to appear." *Beatty v. State,* 5 Okla. Cr. 105,
113 Pac. 237.

"We never presume error in the proceedings of a court of record, but, on the contrary, the presumption is that the trial court was regular and fair; and the burden is upon the party complaining of any ruling of the trial court to show that it was erroneous, and that he suffered injury thereby." *Thornsberry v. State,* 8 Okla. Cr. 88, 126 Pac. 590.

It is further contended by the defendant that prejudicial error was committed "in permitting the introduction and in the rejection of evidence prejudicial to his rights," but he failed to point out in his brief the evidence improperly admitted, or the evidence improperly excluded.

If the defendant is unable to point out the evidence erroneously admitted, or erroneously rejected, he certainly cannot expect this court to find it, where the number of witnesses examined is as great and the evidence as voluminous as in the instant case.

Finally, the defendant complains that the court committed prejudicial error in failing to instruct, without being requested by the defendant so to do, that the evidence of Milt Boydston, his codefendant and accomplice, must be corroborated to authorize the jury to convict the defendant upon his testimony, and that the verdict is contrary to the law and the evidence. If the record disclosed that the defendant was convicted upon the evidence alone of Milt Boydston, and that he was an accomplice of the defendant, this court, regardless of whether or not an instruction was asked or given that a conviction could not be legally had upon the uncorroborated testimony of an accomplice, would hold the defendant's conviction erroneous and reverse the judgment rendered. Section 5884, Rev. Laws 1910; *Jones v. State,* 14 Okla. Cr. 217, 169 Pac. 1133.

A careful reading of the entire testimony in the case shows that, not only was the evidence of Milt Boydston amply corroborated, but that if the evidence of Milt Boydston be eliminated, there remains evidence sufficient, though the evidence is in conflict, to reasonably support the verdict of the jury.

"Where there is any legal evidence to reasonably support the verdict rendered, this court will not disturb such verdict, notwithstanding the evidence is in conflict." *Roscou. Arnold v. State*, 15 Okla. Cr. 519, 178 Pac. 897.

The evidence of Milt Boydston clearly showing the guilt of the defendant, and his evidence being corroborated, and there being evidence, other than that of Milt Boydston, tending to show the guilt of the defendant, the jury was justified in finding the defendant guilty of larceny of domestic animals as charged in the information. A different verdict than that of guilty could not have been reasonably expected.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.