### JIM LOCKHART v. STATE.

No. A-4583.   Opinion Filed Feb. 7, 1925.
(232 Pac. 857.)

(Syllabus.)

**Trial—When Duty of Court on Own Motion to Instruct on Corroboration of Accomplice.** Where the corroboration of the testimony of an accomplice is the pivotal issue of fact, and where the corroborating testimony is of an indefinite character, and not inconsistent with the innocence of the accused, the court should on his own motion, without request, instruct the jury upon that issue.

Appeal from District Court, Canadian County; James I. Phelps, Judge.

Jim Lockhart was convicted of larceny, and he appeals. Reversed and remanded.

E. T. Barbour and E. J. Giddings, for plaintiff in error.

The Attorney General and Baxter Taylor, Asst. Atty. Gen., for the State.

BESSEY, P. J.  Jim Lockhart was convicted of the larceny of a calf, with his punishment fixed at confinement in the penitentiary for a term of two years.  The conviction rests almost entirely upon the testimony of a self-confessed accomplice, who also admitted upon the trial that he had once before been convicted of larceny. This accomplice, one Overstreet, said Lockhart helped him capture the calf, and assisted him in butchering the animal, and that he told Lockhart that the animal belonged to a neighbor.

The story told by the accomplice, Overstreet, is conflicting in many particulars, and the corroboration, if indeed there was corroboration, consisted of declarations and explanations made by Lockhart, who admitted that he assisted Overstreet in butchering the calf, but claimed that he did so in good faith and not knowing that it was stolen.  This corroboration, if such it is, is not inconsistent with Lockhart's claim of innocence.

The statutes of this state, section 2701, Comp. Stat. 1921, define the character of corroboration necessary to a conviction as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

The court did not instruct the jury upon the necessity for corroboration of an accomplice's testimony, nor upon the character of testimony necessary for such corrobora-

tion. Under circumstances like those in this case, where the testimony tending to corroborate, if any, is of a nebulous, indefinite character, not inconsistent with the innocence of the accused, the court should of his own motion and without request instruct the jury upon that point. The matter of corroboration was the pivotal point in this case, and one that the jury might not consider unless it was specifically pointed out in the instructions. Souther v. State, 12 Okla. Cr. 195, 153 P. 293; Weems v. State, 16 Okla. Cr. 198, 182 P. 264; Collegenia v. State, 9 Okla. Cr. 425, 132 P. 375.

For this reason, and because the equivocal evidence pointing to the culpable participation of the accused is speculative and not inconsistent with his innocence, the cause is reversed and remanded for a new trial.

DOYLE and EDWARDS, JJ., concur.