STATE OF IOWA, Appellee, v. H. D. IVEY, Appellant.

**TRIAL:** Instructions—Belated Exceptions Without Authorizing Order.
1 When no extension of time in which to file exceptions to instructions appears of record, the appellant may not supply such *essential* record by the simple expedient of alleging in his abstract that his exceptions were filed "within the time fixed by the court."

**WITNESSES:** Criminal Law—Impeachment—Going Under Assumed
2 Name. It is proper, on cross-examination of an accused in a criminal cause, to ask him if he has not gone under an assumed name since the commission of the offense in question, and, if denial be made, to introduce evidence tending to prove such fact.

Headnote 1: 17 C. J. p. 180 (Anno.) Headnote 2: 16 C. J. p. 553.

*Appeal from Chickasaw District Court.*—JAMES D. COONEY, Judge.

APRIL 7, 1925.

REHEARING DENIED OCTOBER 2, 1925.

THE defendant was convicted of the larceny of an automobile, and appeals.—*Affirmed*.

*J. C. Murtagh* and *Birdsall & Birdsall*, for appellant.

*Ben J. Gibson*, Attorney-general, *F. J. Conley*, County Attorney, and *M. E. Geiser*, for appellee.

VERMILION, J.—This is an appeal from a second conviction of the appellant. The first judgment was reversed by this court because of an erroneous instruction. *State v. Ivey*, 196 Iowa 270. The facts are stated in our former opinion.

I. The appellant assigns error on the giving of certain instructions to the jury. The verdict was returned on November 14, 1923. A motion for a new trial, embodying exceptions to instructions, was filed on November 22, 1923. At that time, as we understand the record, the following stipulation was entered of record:

1. TRIAL: instructions: belated exceptions without authorizing order.

"It is stipulated between the state of Iowa and the defendant that no exceptions in the instructions given by the court on his own behalf or instructions submitted by the defendant and refused by the court have been taken or filed in this case, except as may be embraced or embodied in the motion for a new trial and an arrest of judgment filed by the defendant in this cause on the 22d day of November, 1922."

In an amendment to the abstract filed by appellant, it is stated that:

"On the 22d day of November, 1923, being within the time fixed by the court, the defendant appellant filed his motion for a new trial and in arrest of judgment, and exceptions to instructions."

Section 5 of Chapter 268 of the Acts of the Fortieth General Assembly (Section 11495, Code of 1924) requires exceptions to instructions to be taken within five days after the verdict is filed, "or within such further time as the court may allow." The exceptions found in the motion for a new trial were not filed within five days after the verdict was returned, and the record does not disclose any action of the court extending the time for filing such exceptions.

"We cannot take an abstracter's statement of a fact, where there is no claim that the fact appears from the record." *Dickerman v. Lubiens,* 70 Iowa 345; *Anderson v. Leverich,* 70 Iowa 741.

The stipulation clearly did not provide for extending the time for filing exceptions to the instructions. It was merely stipulated that there were no other exceptions than those found in the motion filed on November 22d. In the absence of timely exceptions to the instructions, any alleged errors committed in giving them are deemed to have been waived. *State v. Smith,* 198 Iowa 982, and cases cited. The case of *Hearn v. City of Waterloo,* 185 Iowa 995, cited by appellant, is not in point.

II. The evidence on behalf of the State tended to show that the appellant had registered an automobile in Spencer, in Clay County, and obtained the certificate of registration that was found on the car in question when it was sold by the appellant; and that he then said his name was R. L. Davis, and signed an affidavit in that name and swore to it, and had the certificate issued to himself in that name. The appellant testified as a witness in his own behalf, and denied that he stole the car in question, or that he registered a car in Spencer under the name of Davis. He testified quite fully as to his various places of residence and his occupation. On cross-examination, he was asked if he ever went by the name of George E. Larson. This he denied. His attention was then called to documents relating to the registration of an automobile in Kossuth County, and he denied that he signed them in the name of George E. Larson. In rebuttal, the State was permitted to show that the defendant signed these documents as George E. Larson and stated that that was his name. This was between the time of the theft of the car in question and its recovery by the owner.

2. WITNESSES: criminal law: impeachment: going under assumed name.

We think there was no error in permitting the cross-examination of the appellant as to his going under still another assumed name after the commission of the crime charged. *State v. Watson*, 102 Iowa 651; *State v. Kuhn*, 117 Iowa 216; *State v. Brennan*, 185 Iowa 73. Nor was it error to allow the State to show, in rebuttal, and after appellant's denial of the fact, that, after the theft of the car in question, he did assume still another name. *State v. Clark*, 160 Iowa 138. The use by the accused of an assumed name after the commission of an offense may always be shown. 16 Corpus Juris 553. In this case, the proof was offered by way of impeachment of the appellant; and the court in the instructions so limited the effect of the evidence. It was not such a collateral matter as that the State was bound by the answer of the appellant.

We find no reversible error, and the judgment is—*Affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.