LUKE AND BONNIE PONDER v. THE STATE.

No. 11839.   Delivered November 7, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellants were convicted of the offense of keeping a disorderly house, the penalty assessed being twenty days in jail and a fine of $200.00.

Proper proof of death of appellant, Bonnie Ponder, pending this appeal appears in the record and this appeal as to her is accordingly abated.

It is contended that the evidence is insufficient to support a conviction in that the incriminating facts have been testified to by accomplices who have not been sufficiently corroborated.

Appellant, Luke Ponder, was the divorced husband of his co-defendant, Bonnie Ponder. Bonnie Ponder had the New Lafayette Hotel leased in the City of Houston. It was abundantly shown that the reputation of this hotel was that of a bawdy house. Four inmates of the house were introduced who testified that under an arrangement with Bonnie Ponder they were to pay a weekly room rental and one dollar from each date filled by them. They each testified to facts showing themselves to be common prostitutes and three of them testified to having assisted in the operation of the house. The testimony of these three made them accomplices. O'Brien v. State, 83 Tex. Crim. Rep. 39; Kelley v. State, 107 Tex. Crim. Rep. 256; Clark v. State, 86 Tex. Crim. Rep. 585. It does not appear that Nina Koch, one of the witnesses for the State, was so connected with the crime as to make her an accomplice. She in no way at any time, so far as the testimony shows, ever assisted in keeping the house and appears only to have been an inmate of same. Not being connected with the criminal act charged against appellant, she was not in law an accomplice. Stone v. State, 47 Tex. Crim. Rep. 575; Clark v. State, 86 Tex. Crim. Rep. 585; Branch's P. C., Sec. 702. The testimony from the accomplices was fully sufficient to show the guilt of the appellant, Luke Ponder, and we regard the testimony of the officers, together with that of Nina Koch, as sufficient corroboration of such testimony. It is not required that the corroboration should be conclusive of guilt, it being sufficient if it tends to connect the defendant with the offense. Grice v. State, 298 S. W. 597; Nourse v. State, 2 Tex. Crim. App. 317; McCue v. State, 170 S. W. 282.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.