STATE OF IOWA, Appellee, v. RAY MYERS, Appellant.

JANUARY 23, 1929.

Ralph H. Munro, for appellant.

John Fletcher, Attorney-general, and Neill Garrett, Assistant Attorney-general, for appellee.

MORLING, J.—I. Defendant contends that the State's witness Glotfelty, who testified to the alleged commission of the crime, was an accomplice, and that the court should have charged the jury that a conviction could not be had upon his testimony unless corroborated. There was no instruction upon the subject. Glotfelty was the owner of the car, and was

riding in it, while defendant was driving, at the time to which the indictment relates. According to Glotfelty's testimony, both were drinking, before and while they were riding in the car. Their common mission in driving the car at the time was to procure and drink liquor. They had a conversation as to which one was in the best condition to drive. Glotfelty testifies that defendant "said he was."

"Whoever while in an intoxicated condition operates a motor vehicle shall upon conviction be sentenced * * * " Code of 1927, Section 5027.

It is the operation of the motor vehicle while in an intoxicated condition that constitutes the offense. The State argues that such operation "is one purely personal to the person charged therewith * * * It is a crime the nature of which is individual, and is such that there could be no accomplice thereto."

Section 12895, Code of 1927, reads:

"The distinction between an accessory before the fact and a principal is abrogated, and all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense, or aid and abet its commission, though not present, must hereafter be indicted, tried, and punished as principals."

Even though only one person can be engaged in the physical operation of a motor vehicle at one time, and even though another may be incompetent in person to commit the crime, it is plain that such other, though not engaged in such physical act, may have caused or aided in the operation by the drunken person, and hence be liable to indictment therefor. *State v. Comstock*, 46 Iowa 265; *State v. Rowe*, 104 Iowa 323.

"The general rule for determining whether a witness is an accomplice or not is to determine whether he could have been indicted and convicted of the same crime." *State v. Brundage*, 200 Iowa 1394.

We have no doubt that Glotfelty, on his own testimony, could have been indicted and convicted of the offense here charged. *State v. Farris*, 189 Iowa 505. Glotfelty was un-

doubtedly an accomplice. Idem; 1 Words & Phrases 75 *et seq*; 1 Idem (2d Ser.) 39; 16 Corpus Juris 130. There was corroborating evidence; but the court, nevertheless, should have informed the jury of the necessity of corroboration, under Section 13901, Code of 1927, even though request for such an instruction was not made. *State v. Carnagy*, 106 Iowa 483; *State v. James*, 198 Iowa 976.

II. Misconduct of the prosecuting attorney in his argument to the jury is alleged. There are two or three reasons for not sustaining this assignment of error, one of which is that the only exception appearing in the record is by the State.—*Reversed.*

ALBERT, C. J., and EVANS, FAVILLE, KINDIG, and WAGNER, JJ., concur.