STATE OF IOWA, Appellee, v. POLLY MAY WESTON, Appellant.

No. 46408.

October 17, 1944.

Charles P. Howard, of Des Moines, for appellant.

John M. Rankin, Attorney General, Francis J. Kuble, County Attorney, and Aubrey Devine, Assistant County Attorney, for appellee.

HALE, J.—This is an appeal from conviction for keeping a house of ill fame. Defendant, Polly May Weston, and Zelma Rollen were jointly indicted and charged with the crime of keeping a house of ill fame, to which Polly May Weston entered a plea of not guilty and asked for separate trial. The jury returned a verdict of guilty as charged in the indictment and defendant appeals.

I. Appellant's first assignment of error is that there is no competent evidence in the record that she was the keeper of the house, or participated in, or was authorized to participate in any way in its lease, control, or management. At the close of the testimony on the part of the State appellant moved for directed verdict in her favor on the ground that appellee had failed to make out a prima facie case of one of the elements of the offense, to wit, the keeping of the house at 131 Des Moines Street at or prior to December 26, 1942. This motion was overruled. Appellant contends that the burden rested upon the State to evidence the allegations of the petition beyond a reasonable doubt. There can be no question about this contention.

It is argued that the evidence here may make out a case of resorting to a house of ill fame but it does not make out a case of keeping a house of ill fame. With this contention we cannot agree.

The offense of keeping a house of ill fame has three elements: There must be a house or place; there must be dis-

orderly or improper use; but it must also appear that the accused kept or maintained, or aided in keeping or maintaining, such a house, or was interested therein. 27 C. J. S. 311, section 5. In this case there is no doubt, and appellant in her argument does not deny, that the first two elements are present. There was a place and it was used for improper purposes. The gist of the offense charged is the keeping or management of such a house and the ownership of the house is not a necessary element of the offense, nor is it necessary that the keeper be a lessee or tenant, actual possession or control being sufficient to constitute him such. A keeper is one who controls or manages the premises. "But the jury may conclude that he was such keeper, by proof that he acted as such, or so held himself out to the world." State v. Hand, 7 (Clarke) Iowa 411, 413. "According to Webster, 'keeper' is 'one who has the care, custody or superintendence of anything,' or 'one who has or holds possession of anything.'" In re Avdalas, 10 Cal. App. 507, 514, 102 P. 674, 677. See, also, Hearne v. State, 73 Tex. Crim. Rep. 390, 165 S. W. 596.

We think there was evidence here that appellant, either by herself or in connection with another inmate of the place, was in charge. She had resided there for a year or more and there was testimony by a witness that he was solicited to enter the premises by appellant and that she conducted him to a room occupied by another inmate. When this witness missed a sum of money from his billfold it was appellant who stated she would get it, and she did recover it for him. In addition to testimony of actions indicating some supervision and control, appellant made the statement to police officers at the time of arrest that it was her place. The evidence was partly circumstantial but we are satisfied that the testimony as to her conduct indicates that she was to some extent exercising management and direction over the place. The facts in evidence were sufficient to submit to the jury the question of her being in charge and in control, and to authorize the court's overruling of the motion for directed verdict.

II. Appellant argues that the court was not justified in giving an instruction on circumstantial evidence. Such in-

struction is proper when any considerable portion of the State's evidence is of that nature, as it is here. While there was direct evidence as to the actions of appellant, yet there were also circumstances to be considered not bearing directly on the question. The instruction given contained all the usual cautionary matter common to such an instruction and is not criticized as to form. It was clearly for the benefit of appellant as much as for the guidance of the jury and we do not find that she was prejudiced in that respect.

III. Appellant's Division III is apparently a reiteration of her assignment of error in Division I. And the same may be said of her Division .IV, appellant contending therein that there is no evidence of keeping or maintaining or supervision or being a lessee or a tenant. She cites State v. Pearsall, 43 Iowa 630. The facts in the two cases are not at all similar. Defendant in the Pearsall case was the owner of the house and resorted to it at times, but the court says, at page 631:

"The most which the evidence establishes is that defendant is lessor of the house and knowingly permits it to be used as a house of ill fame. This constitutes a distinct offense and must not be confounded with that of which the defendant is convicted. He who keeps a house of ill fame has some interest in it as such, or participates or is authorized to participate in some way in its management. In this case there is no evidence of either."

But in the case at bar there was evidence of actual management or supervision and the verdict of conviction of defendant was authorized by the evidence. The cause should be, and is, affirmed.—Affirmed.

All JUSTICES concur.