STATE OF IOWA, Appellee, v. ERNEST THOM, Appellant.

No. 46469.

JANUARY 9, 1945.

REHEARING DENIED MARCH 9, 1945.

Ray E. Rieke, of Sioux City, for appellant.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, and Edward L. Moran, County Attorney, for appellee.

OLIVER, J.— ██ Four witnesses testified for the State. Cora Peterson testified she worked for appellant at New Rex Hotel, Sioux City, Iowa, as maid and night clerk; that appellant procured Lavina Abraham ·to practice prostitution there; that appellant and the witness directed numerous men to Lavina's room at night for that purpose and Lavina's illicit earnings were collected by or paid to appellant. Lavina Abraham testified that for several months she worked at the hotel as day clerk for her board and room and practiced prostitution there at night under supervision and control of appellant and Cora Peterson; that her earnings were paid to appellant and that he gave her some money for food and clothing. Two police officers testified to the reputation of the hotel and that appellant operated it. No evidence was offered by the defense.

I. Appellant assigns as error the overruling of his motion for a directed verdict. Said motion asserted Cora Peterson and Lavina Abraham were his accomplices; that their testimony was not corroborated by other evidence as required by section 13901, Code of 1939; and that without their testimony the evidence of appellant's guilt was insufficient to warrant the submission of the case to the jury. A witness is an accomplice if he could be indicted and convicted of the same crime. State v. Clay, 220 Iowa 1191, 1199, 264 N. W. 77; State v. Farris, 189 Iowa 505, 178 N. W. 361. In view of our conclusion, hereinafter noted, that the corroboration was sufficient, we will assume, without so deciding, that the two women were accomplices of appellant. See State v. Chauvet, 111 Iowa 687, 83 N. W. 717, 51 L. R. A. 630, 82 Am. St. Rep. 539; State v. Weston, 235 Iowa 148, 15 N. W. 2d 922; State v. Clough, 181 Iowa 783, 165 N. W. 59.

The statute does not require that the corroborated evidence go to the whole case. It is sufficient if some material part of the accomplice's evidence be corroborated by direct or circumstantial evidence which shall tend to connect the accused with the commission of the offense charged. State v. Dorsey, 154 Iowa 298, 134 N. W. 946; State v. Arhontis, 196 Iowa 223, 194 N. W. 209.

In the case at bar the police officers testified the hotel was appellant's place of business and that he admitted he had been operating it for about one year. They also testified the general

reputation of the hotel in the community, as operated by appellant, was that it was a house of prostitution.

State v. Chauvet, supra, 111 Iowa 687, 688, 83 N. W. 717, 51 L. R. A. 630, 82 Am. St. Rep. 539, involved a wagon used as a house of ill fame. Upon the question of corroboration, the court said, referring to the defendant:

"His admission, and his apparent control of the wagon and team, authorized the jury to find as it did, for they tended to connect him with the commission of the offense, and this is all the statute requires."

So in this case we conclude the testimony of the two women was sufficiently corroborated by other evidence and that the question of appellant's guilt was for the jury.

II. Appellant complains of certain rulings of the trial court permitting the two police officers to testify to the reputation of the hotel over his objections. The basis of the objections was that the minutes of their evidence before the grand jury were insufficient to qualify them to testify upon this point at the trial as witnesses for the State, under section 13851, Code of 1939.

It is the established rule that a witness examined before the indicting grand jury, minutes of whose evidence are properly returned and filed, may be examined in the trial concerning material matters not disclosed by such minutes. State v. Perkins, 143 Iowa 55, 56, 57, 120 N. W. 62, 21 L. R. A., N. S., 931, 20 Ann. Cas. 1217, and decisions there cited. Appellant concedes this to be the rule but asserts the minutes of the grand jury indicate the evidence of the police officers was wholly hearsay and inadmissible and that they gave no real evidence upon which the indictment could have been based, even in part. Hence appellant argues the rule should not be here applicable. No authorities are cited in support of this contention.

The record does not warrant the construction suggested by appellant. The minutes of the evidence of the officers before the grand jury recite in part that appellant operated the premises in question. This was an essential element of the case against appellant and the evidence of these witnesses thereon appears to have been admissible. Under the rule above noted the court did

_not err in refusing to limit the examination of the witnesses to matters shown in the minutes of their evidence before the grand jury.

Another assignment of error concerns the instructions and involves a proposition which was not raised in the trial court. Hence it will not be considered upon appeal.—Affirmed.

All JUSTICES concur.