STATE OF IOWA, Appellee, v. EDNA L. ANDERSON, Appellant.

No. 47302.

(Reported in 38 N. W. 2d 662)

■■■■■■■■■■■■■■■■■■■■■■■

MARCH 8, 1949.

OPINION ON REHEARING AUGUST 5, 1949.

■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■
■■■■

George A. Gorder and Kenneth V. Hockenbury, both of Sioux City, for appellant.

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and Bernard A. Brown, County Attorney, for appellee.

GARFIELD, J.—Because a rehearing was granted, the opinion in this cause found in 36 N. W. 2d 378 is withdrawn and this opinion is substituted therefor.

■■■■ I. Defendant's principal complaints are against the court's instructions to the jury. Her objections and exceptions to the instructions were first stated in her motion for new trial filed pursuant to section 787.2, Code, 1946, before judgment. As required by Rule 196, Rules of Civil Procedure, made applicable to the trial of criminal actions by Code section 780.4, and to the instruction of juries therein by section 780.35, before reading the instructions to the jury the trial court submitted them to counsel in their final form. No objections to the instructions were then made.

Failure to make such objections under Rule 196 did not prevent defendant from making them before judgment in her motion for new trial under Code section 787.3 which is not affected by the Rules of Civil Procedure. This section states as two of the causes for granting a new trial that "the court has misdirected the jury in a material matter of law" and "has refused properly to instruct the jury." Defendant is therefore entitled to have considered the objections and exceptions to instructions stated in her motion for new trial. See State v.

Holder, 237 Iowa 72, 83, 84, 20 N. W. 2d 909, 915; State v. Hartung, 239 Iowa 414, 424, 30 N. W. 2d 491, 497; State v. Hamann, 109 Iowa 646, 647, 80 N. W. 1064.

■ Incidentally some of our criminal cases holding exceptions to instructions must be filed within five days after the verdict or such further time as the court may allow, under section 11495, Code, 1939 (now superseded by Rule 196, Rules of Civil Procedure), appear to have overlooked the fact that section 787.2 (in effect substantially as it now stands since the Code of 1851) permits a motion for new trial for misdirection of the jury or refusal to properly instruct it (and other causes) at any time before judgment. Such decisions include State v. Kirkpatrick, 220 Iowa 974, 976, 263 N. W. 52; State v. Brennan, Iowa, 215 N. W. 615; State v. Ivey, 200 Iowa 649, 203 N. W. 38; State v. Higgins, 192 Iowa 201, 203, 182 N. W. 887.

II. Defendant requested no instructions. Her principal complaint is against the court's failure to instruct without request that the jury could find at least some of the prostitutes who testified for the State were accomplices whose testimony must be corroborated because of Code section 782.5, which reads:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

■ A witness is an accomplice if he could be indicted and convicted of the same crime. State v. Thom, 236 Iowa 129, 130, 17 N. W. 2d 96, and citations; State v. Brundage, 200 Iowa 1394, 206 N. W. 607, and citations; 22 C. J. S., Criminal Law, section 786, page 1335; 14 Am. Jur., Criminal Law, section 110.

Code section 688.1 provides, "all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense, or aid and abet its commission * * * must hereafter be indicted, tried, and punished as principals."

■ Under this provision one who knowingly aids and abets the commission of a crime could be indicted and convicted thereof and is therefore deemed an accomplice whose testimony must

be corroborated as required by section 782.5. State v. Myers, 207 Iowa 555, 223 N. W. 166, and citations; 14 Am. Jur., Criminal Law, section 109.

One who is merely an inmate of a house of ill fame is not an accomplice of the person accused of keeping such house. 22 C. J. S., Criminal Law, section 798z(3), page 1364; 27 C. J. S., Disorderly Houses, section 9b, page 316; People v. Niehoff, 266 Ill. 103, 107 N. E. 119; Stone v. State, 47 Tex. Cr. R. 575, 85 S. W. 808; Jackson v. United States, 48 App. D. C. 269.

In State v. Chauvet, 111 Iowa 687, 83 N. W. 717, 51 L. R. A. 630, 82 Am. St. Rep. 539, we say it may well be doubted that a prostitute is an accomplice in the keeping of the house (in the cited case, a covered wagon). State v. Thom, supra, 236 Iowa 129, 130, 17 N. W. 2d 96, withholds decision on this question but calls attention to the Chauvet case and to State v. Weston, 235 Iowa 148, 15 N. W. 2d 922.

That an inmate may be guilty of the related but distinct offense of prostitution under Code section 724.1 does not make her an accomplice in the crime here charged under section 724.3. See 14 Am. Jur., Criminal Law, section 110, page 841.

The gist of the offense of keeping a house of ill fame is the control or management thereof. Weston case, supra; 17 Am. Jur., Disorderly Houses, section 6, page 108; 27 C. J. S., Disorderly Houses, section 5c, page 312. Where prostitutes assist in the control or management of such a place they must be deemed accomplices in the keeping thereof. This is the effect of Code section 688.1 and of State v. Weston, supra. See also 22 C. J. S., Criminal Law, section 798z(3); 27 C. J. S., Disorderly Houses, section 15b(2), page 334; Ponder v. State, 110 Tex. Cr. R. 627, 10 S. W. 2d 720.

We turn now to the facts. From May to December 1947, defendant was sublessee and operator of a second-story hotel in Sioux City with four apartments and seven or eight sleeping rooms. Four women who stayed there testify to numerous acts of prostitution in the place under the supervision of defendant who received $2 of the $5 paid for each act by the men who patronized the house. Two of these witnesses were mere inmates

of the place who did not assist in its management. Therefore they are not to be deemed accomplices.

However there is evidence from which the jury could find two other witnesses were accomplices. Mary Kapsas testifies she was "hustling" and working as night clerk under an arrangement with defendant, she had all the keys to the hotel and the cash register, she served drinks to one of the other women and the man who had intercourse with such woman just before police visited the establishment and arrested defendant and the inmates.

Another witness, Clara Martz, says defendant hired her as a maid, and to "answer the door, help serve drinks, help make business, 'hustle' and serve as night clerk and she would give me $15 a week and 'tricks' were $5." These two women both deny defendant did pay them for working as night clerk. However defendant says she paid Mrs. Martz $15 a week for acting as night clerk and maid; that Mary Kapsas was night clerk three or four nights at a time; she (defendant) would leave the hotel in the evening until eleven or twelve o'clock when it was in charge of one of these two women.

III. Was it reversible error in the absence of a request to fail to instruct upon the law as stated in Code section 782.5, that if the jury found either Mary Kapsas or Clara Martz was an accomplice a conviction could not be had on her testimony unless corroborated by other evidence which tends to connect defendant with the commission of the offense charged? There is ample corroborating evidence to the extent required by statute.

Under the decided weight of authority in other jurisdictions reversible error was not here committed. Many of the decisions are cited in 23 C. J. S., Criminal Law, section 1325e, page 954, note 39, and 1949 cumulative pocket part. 3 Jones on Evidence, Fourth Ed., section 769, page 1403, states:

"But while some courts have taken the opposite view, it is the general rule that the neglect or refusal of the judge so to instruct the jury [that they should not convict upon the uncorroborated testimony of an accomplice] is not reversible error * * *."

To like effect is 23 C. J. S., Criminal Law, section 1228.

Most of the numerous decisions upon this question hold it is not prejudicial to a defendant to fail to give such an instruction in the absence of a request when there is ample corroboration of the accomplice. Among such decisions are: Holmgren v. United States, 217 U. S. 509, 524, 30 S. Ct. 588, 592, 54 L. Ed. 861, 868, 19 Ann. Cas. 778; Miller v. State, 155 Ark. 68, 243 S. W. 1063; Huff v. State, 68 Ga. App. 738, 24 S. E. 2d 71; State v. Soltau, 212 Minn. 20, 2 N. W. 2d 155, 159; State v. Payne, Mo., 147 S. W. 2d 435, 436, and citations; Cornell v. State, 138 Neb. 708, 294 N. W. 851; State v. Berenson, 65 N. D. 480, 260 N. W. 256, 261; Weems v. State, 16 Okla. Cr. 198, 182 P. 264; State v. Ham, 24 S. D. 639, 124 N. W. 955, Ann. Cas. 1912A 1070, 1072.

In many jurisdictions there is a statute much like our Code section 782.5. 20 Am. Jur., Evidence, section 1235, page 1088. 7 Wigmore on Evidence, Third Ed., section 2056, pages 319, 320, says there is a statute of this kind in nearly half the states.

In Minnesota where a statute requires corroboration of an accomplice it is not error in the absence of a request not to instruct on the necessity for corroboration where, as here, it does not appear as a matter of law the witnesses were accomplices. State v. Quinn, 186 Minn. 242, 243 N. W. 70, 73.

It is prejudicial error to fail to instruct even without request on the requirement of corroboration where the jury could find the only witness against defendant was an accomplice. People v. Warren, 16 Cal. 2d 103, 116, 104 P. 2d 1024, 1031, 1032. Under a statute like ours it is reversible error to fail to instruct on the necessity for corroboration where the corroboration is nebulous and indefinite, not inconsistent with defendant's innocence (Lockhart v. State, 29 Okla. Cr. 154, 232 P. 857), but, as above indicated, not where there is ample corroboration. (Weems v. State, supra, 16 Okla. Cr. 198, 182 P. 264.)

Without further discussion of the numerous authorities from other states we may say we find little if any support in them for the conclusion the trial court committed reversible error in the respect claimed under such circumstances as we have here.

Defendant places strong reliance upon our own State v. Myers, supra, 207 Iowa 555, 556, 223 N. W. 166, where we held

it reversible error to fail to instruct, without request and though there was corroborative testimony, on the necessity for corroboration of a witness who "was undoubtedly an accomplice." State v. Carnagy, 106 Iowa 483, 76 N. W. 805, and State v. James, 198 Iowa 976, 200 N. W. 577, are cited in support of such holding.

As pointed out in State v. Hartung, 239 Iowa 414, 423, 30 N. W. 2d 491, 497, both the Carnagy and James cases, supra, were prosecutions for rape (convictions were of assault with intent to commit rape) and the corroboration there required was that of the injured female as provided by Code section 782.4. However sections 782.4 and 782.5 are similar in requiring corroboration that tends "to connect the defendant with the commission of the offense," although as we observed in the Hartung case the reasons for the two requirements may be somewhat different.

The present case differs from State v. Myers, supra, in that it cannot here be said any witness "was undoubtedly an accomplice." And of course in rape and other sex cases where corroboration is required by section 782.4 there is no doubt as to whose testimony (that of the injured female) must be corroborated.

In State v. Webb, 239 Iowa 693, 703, 31 N. W. 2d 337, 342, we held it not reversible error to refuse to instruct *upon request* as to the law found in section 782.7 that a confession, "unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed." While we there point out that section 782.7, unlike 782.4 and 782.5, does not require corroboration that tends to connect defendant with the commission of the crime, we also say, "* * * all these requirements for corroboration are primarily rules of evidence and not directives for instructing the jury."

While the Webb case is not controlling here because of the distinction there pointed out between the requirements for corroboration in sections 782.7 and 782.5, it does indicate an unwillingness to extend the decision in State v. Myers, supra, 207 Iowa 555, 223 N. W. 166, and a desire to follow decisions in other jurisdictions upon the question presented. A reversal

here would seem somewhat inconsistent with State v. Webb. See also State v. Icenbice, 126 Iowa 16, 20, 21, 101 N. W. 273.

While there is the distinction above noted between the Myers case and the instant one, it must be admitted there is some inconsistency between our decision here and the cited precedent. Insofar as such inconsistency exists this pronouncement must control.

After due consideration we now hold in accordance with the authorities generally that while such an instruction might well be given it is not reversible error to fail to instruct upon the requirement of corroboration of the testimony of an accomplice, contained in section 782.5, where as here no such instruction is requested, there is ample corroboration and it does not appear as a matter of law that any witness was an accomplice.

IV. Defendant contends she was denied a fair trial principally because of other claimed errors in the instructions to the jury. We have reversed convictions in State v. Barr, 123 Iowa 139, 98 N. W. 595, State v. Burns, 181 Iowa 1098, 165 N. W. 346, and perhaps some other decisions where errors, though not properly preserved, were such that defendant was denied a fair trial. But we think this defendant was not denied a fair trial.

One respect in which it is claimed the trial was unfair is the court's failure to instruct even without request on what is said to have been the theory of the defense that any acts of prostitution committed in the place in question were unknown to defendant who admitted she was the manager of the hotel. This alleged error now urged against the instructions is not mentioned in defendant's motion for new trial and exceptions to instructions and we would be justified in ignoring it. State v. Hofer, 238 Iowa 820, 832, 28 N. W. 2d 475, 481, and citations; State v. Grigsby, 204 Iowa 1133, 216 N. W. 678.

As said in State v. Cox, 240 Iowa 248, 251, 34 N. W. 2d 616, 619, our latest pronouncement on the subject, "we have often said the defendant who fails to request an instruction on his theory of defense is in no position to complain when the court does not instruct on such theory." See also State v. Schenk, 236 Iowa 178, 194, 195, 18 N. W. 2d 169, 177, and citations;

State v. Wilson, 235 Iowa 538, 545, 17 N. W. 2d 138, 142, and citations. Under the circumstances of State v. Cox, supra, we reversed the conviction because of the omission, even without request, to instruct on the theory of the defense coupled with prejudicial error in a vital instruction. The present case is not comparable to the cited one.

We think this particular complaint now urged against the instructions is without merit in any event. It sufficiently appears from the instructions that defendant could be convicted only if she had guilty knowledge. The jury was instructed to convict only if they found defendant unlawfully and feloniously kept the place in question as a house of ill fame.

 Another basis for the claim of unfair trial is the giving of an instruction on the weight to be given defendant's own testimony and the failure to instruct on the credibility of the prostitutes who, it is contended, were impeached. The instruction on the weight of defendant's testimony includes substantially this statement, among others, "You are not required to blindly receive her testimony as true but are to weigh it in the light of all the facts and circumstances and consider whether her evidence is true and given in good faith or to avoid conviction." We have frequently held the inclusion of such statement in an instruction of this kind is not reversible error. State v. Mikesh, 227 Iowa 640, 644, 645, 288 N. W. 606, and citations; State v. Gibson, 228 Iowa 748, 753, 754, 292 N. W. 786; State v. Sauerbry, 233 Iowa 1076, 1081, 10 N. W. 2d 544, 546, and citations. For other decisions relating to instructions as to credibility of the accused as a witness, see annotation 85 A. L. R. 523, 538.

 Defendant contends some of the State's witnesses were impeached because they admitted they were prostitutes and it was shown they testified falsely in certain respects. While there was no instruction on impeachment of witnesses the court instructed quite fully on the credibility of witnesses. The jurors were told, among other things, they were the sole judges of the credibility of witnesses, were not bound to take the testimony of any witness as true and should not do so if they were satisfied for any reason it was untrue; in determining credibility they

should consider the relation of each witness to the parties, their interest in the result, their feeling or bias and several other matters.

In the absence of request it was not error to fail to instruct on the matter of impeachment of witnesses. State v. Walters, 178 Iowa 1108, 1121–1123, 160 N. W. 821, and citations; State v. Burch, 195 Iowa 427, 430, 192 N. W. 287, 31 A. L. R. 198; State v. Johnson, 223 Iowa 962, 968, 969, 274 N. W. 41; 53 Am. Jur., Trial, section 780; 23 C. J. S., Criminal Law, section 1326.

These decisions lend support to our conclusion defendant was not denied a fair trial: State v. Vandewater, 203 Iowa 94, 96, 97, 212 N. W. 339; State v. Smith, 199 Iowa 568, 202 N. W. 112; State v. Higgins, supra, 192 Iowa 201, 203, 182 N. W. 887, and citations; State v. Saling, 177 Iowa 552, 554, 555, 159 N. W. 255.—Affirmed.

HAYS, C. J., and BLISS, OLIVER, HALE, WENNERSTRUM, SMITH, and MULRONEY, JJ., concur.

MANTZ, J., not sitting.