STATE OF IOWA, appellee, v. FLOYD L. GEIER, appellant.

No. 49310.

(Reported in 87 N.W.2d 318)

476

January 14, 1958.

Floyd L. Geier, pro se.

Norman A. Erbe, Attorney General, Freeman H. Forrest, Assistant Attorney General, and Samuel O. Erhardt, County Attorney, Wapello County, for appellee.

Hays, J.—By indictment defendant was charged with the crime of larceny in the nighttime in that "Floyd Geier on or about June 21, 1956, did willfully and unlawfully steal, take and carry away certain money and checks of a value in excess of $20 belonging to the McDowell Garage, Blakesburg, Iowa, in violation of section 709.4, Code of 1954." Trial was had and a verdict of guilty returned. From a judgment thereon he has appealed.

Section 709.4, Code of 1954, provides: "If any person in the nighttime commit larceny in any dwelling house, store, or any public or private building * * * when the value of the prop-

erty stolen exceeds the sum of twenty dollars, he shall be imprisoned in the penitentiary * * *."

Section 688.1, Code of 1954, provides: "The distinction between an accessory before the fact and a principal is abrogated, and all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense, or aid and abet its commission, though not present, must hereafter be indicted, tried, and punished as principals." It was under this statute that defendant was indicted and tried for the crime charged.

The State's case is based primarily upon the testimony of two witnesses, one of whom, Gerald Slycord, admits that on the night in question he entered the McDowell Garage at Blakesburg, Iowa, and took some $20 in cash and a number of checks, one being in the sum of $270 payable to the McDowell Garage. The other witness, Willis De Wild, admits going to Blakesburg with Slycord, and states that he remained in the car while Slycord went into the building; that upon his return the money taken was divided and they then went to Des Moines where the $270 check was cashed. There is little question but that the trip to Blakesburg started at Oskaloosa, Iowa, where the witnesses and the defendant lived; also, that the trip was made in defendant's car. Both witnesses state that defendant was with them on the trip, that he remained in the car with De Wild during the theft and shared equally in the division of the spoils. Under the record it is clear that the three were drinking together in Oskaloosa on the evening of the theft and defendant admits that Slycord used his (defendant's) car on the night in question. Defendant claims he was paid $5.00 by Slycord for the use of his car to go to Ottumwa and that early the next morning Slycord and De Wild came by his home and they started for Council Bluffs to visit defendant's sister. The bartender of Hap's Corral Tavern in Des Moines identified defendant as having been in the tavern on the morning following the theft, in the company of De Wild and Slycord, and of their desire to cash a check. The owner of the tavern and his wife also identified the three, related how they represented one to be a son of the garage owner and of cashing a $270 check payable to the garage; that during the talk, relative to cashing the check,

478

the defendant was present but left the tavern before the money was paid over. Defendant admits being in the tavern, but denies having any part in the cashing of the check. He also admits getting money from Slycord, but said he borrowed it. Defendant was arrested in Texas and returned for trial.

The sheriff of Wapello County testified that defendant offered to plead guilty to the charge if granted a bench parole. He had twice before been convicted of a felony. A special agent, Iowa Bureau of Criminal Investigation, testified that defendant, while denying that he was in Blakesburg, admitted being with Slycord and De Wild on the evening of the theft; of loaning his car to them and of being in Hap's tavern in Des Moines with them, the next morning.

While on this appeal the defendant appears pro se, on the trial in the district court he was represented by counsel, presumably of his own choice. An examination of the record shows that no question was urged regarding the indictment. No instructions were requested and no exceptions taken to those given by the court. No motion for a new trial was made and it appears that counsel for defendant stated he did not wish to file such a motion. It does appear from the record that at the close of the State's case the defendant moved for a directed verdict on the ground that "the witnesses, De Wild and Slycord, who are admitted accomplices, have not been corroborated in any manner, nor have they connected the defendant with breaking into the McDowell Garage, or having any part in the break-in." This motion was renewed at the close of all of the testimony.

Appellant's brief and argument is nothing more than a statement of the facts as he construes them, with no assigned errors or citation of authorities. In his reply brief, he sets out some eighteen alleged errors dealing with a faulty indictment, incorrect instructions, failure to give instructions and lack of corroborating evidence.

It is the established rule in this State that purported errors not raised in the trial court cannot be considered for the first time on appeal to this court. State v. Mart, 237 Iowa 181, 20 N.W.2d 63; State v. Ryerson, 247 Iowa 385, 73 N.W.2d 757.

Under this rule no question as to the indictment or the sufficiency of the instructions is before this court and we do not consider them.

As to the question of corroboration of an accomplice's testimony and the sufficiency thereof, it was before the trial court and is properly before this court. Section 782.5, Code of 1954, provides: "A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

■ This statute has been before this court many times. In construing it we have said that the corroboration need not be of every material fact testified to by an accomplice, but is sufficient if it can fairly be said that the accomplice is corroborated in some material fact legitimately tending to connect the defendant with commission of the offense. State v. Huntington, 248 Iowa 430, 80 N.W.2d 744; State v. Fletcher, 246 Iowa 452, 68 N.W.2d 99; State v. Hild, 240 Iowa 1119, 39 N.W.2d 139; State v. Thom, 236 Iowa 129, 17 N.W.2d 96.

■ We have carefully examined the record and find testimony, other than that of the witnesses Slycord and De Wild, tending to show defendant's knowledge of and participation in, the perpetration of the crime and from which, when considered in connection with the testimony of the accomplices, a jury might well find defendant to be a principal as defined by section 688.1, Code of 1954, supra.

While appellant strenuously asserts that he did not receive a fair trial, an examination of the record does not substantiate such assertion.

The judgment of the trial court should be and is affirmed.— Affirmed.

All JUSTICES concur, except SMITH, J., who takes no part.